# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL AVERY,**

    **Petitioner,**

    v.                                **CIVIL ACTION NO. 1:05CV13**
                                           **(Judge Stamp)**

**K. J. WENDT, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On January 21, 2005, the *pro se* petitioner, an inmate at FCI-Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting the Federal Bureau of Prisons ["BOP"] improperly calculated his jail time credit, failed to consider his request for *nunc pro tunc* designation, and violated his due process rights by removing jail credit previously credited against his sentence. The petitioner requests the Court order the BOP to consider his request for *nunc pro tunc* designation, to appropriately calculate his sentence and immediately release him from custody.

By Order entered on February 18, 2005, the Court directed the respondent to show cause why the writ should not be granted. On March 14, 2005, the respondent filed Response to Order to Show Cause.

### II. FACTS

The petitioner was convicted in the State of Michigan and sentenced on October 2, 1995, to a term of imprisonment. On January 17, 1996, the federal authorities borrowed the petitioner for

prosecution of federal charges. The petitioner was convicted in the United States District Court for the Eastern District of Michigan of racketeer influenced and corrupt organizations in violation of 18 U.S.C. §1962(c). On February 11, 1997, the petitioner was sentenced to 148 months imprisonment to run concurrently with the state sentence imposed on October 2, 1995. On October 1, 1998, the petitioner was returned to state authorities and remained in state custody until he was paroled and released to the United States Marshals Service on January 20, 2004.

While the BOP determined that the petitioner's federal sentence commenced on February 11, 1997, the date his federal sentence was imposed, the petitioner filed administrative remedies requesting a *nunc pro tunc* designation of the state facility as his place of federal confinement beginning on February 11, 1997. He was advised by Warden Wendt that his sentence commenced on February 11, 1997, as ordered by the sentencing judge, but that a review of records from the Michigan Department of Corrections revealed the petitioner had not been given credit against his state sentence for the period of February 8, 1995, through October 2, 1995. Thus, pursuant to 18 U.S.C. §3585, the petitioner was given 237 days of credit towards his federal sentence. Subsequently, the petitioner was advised that he was erroneously given 237 days of credit because that time period had been credited towards his sentence for violating parole in Michigan.

The petitioner asserts that the BOP refused to consider his request for a *nunc pro tunc* designation so that the Michigan state facility could be named as his place of federal incarceration so he could receive the effect of his concurrent federal and state sentences. He further asserts that he had been given jail credit which was removed without due process being given to him.

The respondent states that the petitioner did not receive prior custody credit for the period of January 17, 1996, through February 11, 1997, because during this period of time the petitioner

2

was serving his state parole violation term. The respondent also states that the petitioner had been granted a Willis credit for that time period, but it was subsequently discovered that the petitioner was not entitled to such credit because the petitioner was serving a state parole violation term. .

### III. ANALYSIS

18 U.S.C. §3585 governs the commencement of a sentence and credit for prior custody. Section 3585 (a) provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

The BOP has the authority to designate the place of a prisoner's imprisonment. 18 U.S.C. §3621(b). When a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made where the BOP designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F. 3d 908, 911-912 (4th Cir. 1998).

As properly noted by the respondent, the BOP must consider an inmate's request for a *nunc pro tunc* designation of his state and federal sentences, but the BOP is not obligated to grant *nunc pro tunc* designation. See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); Jones v. Winn,13 Fed. Appx. 419, 2001 WL 741733, *2-3 (7th Cir. 2001).

In the instant case, contrary to the petitioner's assertions, a *nunc pro tunc* designation was made. When the petitioner's federal sentence was imposed, he was serving a state sentence. The federal sentencing court ordered its sentence to run concurrently with the state sentence. The BOP made a *nunc pro tunc* designation because the petitioner's sentence commenced on February 11,

1997, when he was sentenced by the district court, instead of January 20, 2004, when he was placed in custody of the United States Marshal Service.

Moreover, the petitioner is not entitled to any credit under 18 U.S.C. §3585(b).[1] Pursuant to this section, a defendant convicted of a federal offense has a right to receive credit for certain time spent in official detention before his sentence begins. United States v. Wilson, 503 U.S. 329 (1992). However, the Attorney General, through the Bureau of Prisons, determines the amount of credit to be awarded for time spent in official detention. Id. at 335. "Congress made clear that a defendant could not receive double credit for his detention time." Id. at 337. Thus, under §3585(b), the inmate is not entitled to prior custody credit if he had received credit toward another sentence. See See Kendrick v. Carlson, 995 F. 2d 1440, 1447 (8th Cir. 1993); United States v. Goulden, 54 F. 3d 774 (4th Cir. 1995)(unpublished).

In the instant case, the petitioner is not entitled to credit for the period of January 17, 1996, through February 11, 1997, because the petitioner was serving a state parole violation term during this period of time.

The respondent also asserts that the petitioner is not entitled to credit under the Willis exception. In Willis v. United States, 438 F. 2d 923 (5th Cir. 1971), the state court ordered unrelated

---

[1] 18 U.S.C. §3585(b) provides:
(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

 (1) as a result of the offense for which the sentence was imposed;  or
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

4

state and federal sentences to run concurrently. The state had credited Willis for the time period covering his arrest on state charges until he was sentenced on the state charges. While the Fifth Circuit recognized that Willis was not entitled to double credit against his federal sentence for the time spent actually serving his state sentence, the court ruled that the credit granted by the state court did not help the defendant because his state sentence expired before his federal sentence. Thus, the court ruled that Willis was entitled to credit against his federal sentence for the time between his arrest and state sentencing.

In the instant case, the petitioner is not entitled to a <u>Willis</u> credit for the period of January 17, 1996, to February 11, 1997, because the petitioner was serving an active sentence for a parole violation during this time period.

Accordingly, the petitioner is entitled to no relief.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinon

to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: August 22, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE