IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL AVERY,

    Petitioner,

v.                                    Civil Action No. 1:05CV13
                                                  (STAMP)

K.J. WENDT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On January 21, 2005, the petitioner, Michael Avery, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter.

On September 22, 2005, Magistrate Judge Kaull entered a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. No objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of

a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Discussion

In his § 2241 petition, petitioner contends that the Bureau of Prisons ("BOP") has unlawfully calculated his jail time credit, failed to consider his request for nunc pro tunc designation, and violated his due process rights by removing jail credit previously credited against his sentence. Specifically, the petitioner argues that the BOP unlawfully calculated the petitioner's sentence by not crediting 237 days of credit that petitioner served in a state sentence. Petitioner requests a nunc pro tunc designation of the state facility as his place of federal confinement from February 11, 1997, the date that petitioner received his federal sentence.

After reviewing the record, the magistrate judge concluded that the BOP properly calculated the petitioner's jail time credit and recommended that the petitioner's § 2241 be denied. The petitioner did not filed objections to the report and recommendation.

As the magistrate correctly states, the BOP must consider an inmate's request for a nunc pro tunc designation of his state and

federal sentences, but the BOP is not obligated to grant <u>nunc pro tunc</u> designation. <u>See Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990); <u>Jones v. Winn</u>, 13 Fed. Appx. 419, 2001 WL 741733, *2-3 )(7th Cir. 2001)(unpublished). The petitioner was given a <u>nunc pro tunc</u> designation because the petitioner's sentence commenced on February 11, 1997, which was when he was sentenced by the district court. If he was not given <u>nunc pro tunc</u> designation his sentence would have commenced on January 20, 2004, when the petitioner was placed in the custody of the United States Marshals Service.

Further, petitioner is not entitled to any credit for prior custody under 18 U.S.C. § 3585(b). According to § 3585(b), an inmate is not entitled to prior custody credit if he had received credit toward another sentence. <u>See</u> <u>Kendrick v. Carlson</u>, 995 F.2d 1440, 1447 (8th Cir. 1993). From January 17, 1996 until February 11, 1997, the petitioner was serving an active sentence for a parole violation, and thus, cannot receive credit for this time period. Accordingly, petitioner is not entitled to a <u>Willis</u> credit because the petitioner was serving an active sentence from January 17, 1996 until February 11, 1997. <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971). The magistrate correctly notes that the Fifth Circuit determined that Mr. Willis was not entitled to double credit against his federal sentence for the time actually spent serving his state sentence. Mr. Willis received credit for the time between his arrest and state sentencing, not for the time he

3

actually was serving his state sentence.  Thus, the petitioner is not entitled to any of his requested relief.

### III. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, petitioner's § 2241 petition is DENIED and this civil action is hereby DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 25, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE